### JAMES LAWRENCE *v.* THE STATE.

APPEAL BOND.—The appeal in this case was taken, and the appeal bond executed, after the organization of the court of appeals, but the bond was conditioned to abide the judgment of the supreme court. Wherefore the appeal is dismissed for want of jurisdiction in the court of appeals.

APPEAL from the District Court of the county of Hopkins.

No brief for the appellant.

*George McCormick,* Assistant Attorney General, for the State.

WHITE, J. This case, as presented in the record, is in the nature of an original suit in the lower court for a new trial on a judgment of conviction for a misdemeanor. The proceeding is a novel one, and even if permissible under our practice in criminal cases, which we do not believe, still the appeal must be dismissed for want of jurisdiction in this court. The appeal bond is conditioned that appellant "shall prosecute his said appeal to effect and perform the sentence, judgment, or decree of the supreme court in

case the decision of said court shall be against appellant,"
etc. This appeal was taken and the bond was executed the
31st of August, 1876, after the organization of the court
of appeals. When the appeal is or should be to this court,
the condition of the bond should be that appellant will
abide, etc., the judgment or decree of the court of appeals.
See the cases of *Parker* v. *Emerson* and *Coltharp* v.
*McSpaddin*, both decided at the present term of this court.
   The appeal is dismissed.
   *Dismissed.*